# SUPREME COURT.

## BEATTIE agt. NIAGARA SAVINGS BANK.

It rests exclusively in the discretion of the judge holding the circuit, whether *exceptions* taken in a cause tried before him shall be heard in the first instance at the general term, or at the special term.

It is quite certain that no *appeal* would lie from such an order; and it seems that its reversal cannot be accomplished by a motion at special term to vacate it.

Where the exceptions taken on the trial were, at the close of the trial, ordered by the judge to be heard in the first instance at the general term, and the exceptions were argued before the general term, but that court finding itself unable to grant the defendant relief, and that it could only be done by the special term, omitted to decide the case and held it under advisement; and in the mean time a motion was made by the defendant at special term for an order vacating the order of the circuit judge directing the exceptions to be heard at the first instance at general term, which was granted :

*Held*, on appeal from this last order, that it be vacated, without costs, as the question was a new one.

The practice of sending these cases to the general term, unnecessarily increases the business of that court, and such an order should not be made unless in cases of the highest importance, or of absolute necessity.

*Fourth Judicial Department, General Term, September,* 1870.

APPEAL from an order of special term.

Mr. BRAZEE, *for plaintiff.*
Mr. BOWEN, *for defendant.*

*By the court*, MULLIN, P. J.—This cause was tried at the circuit and a verdict rendered in favor of the plaintiff.

The court at the close of the trial, ordered that the exceptions taken on the trial be heard in the first instance at the general term.

In pursuance of this order, the exceptions were argued before the general term, but that court finding itself unable

to grant the defendant relief, and that it could only be done by the special term omitted to decide the case, and holds it still under advisement.

In the mean time a motion was made by the defendant before Judge Talcott, while holding the circuit in Niagara county where the cause was tried, for an order vacating the order directing the exceptions to be heard in the first instance at the general term, and an order was made vacating such order, and from that order the plaintiff appeals.

It rests exclusively in the discretion of the judge holding the circuit, whether exceptions taken in a cause tried before him, shall be heard in the first instance in the general term or at the special term.

He is familiar with the pleadings, the evidence and the questions of law decided on the trial, and no other judge can be as capable of determining whether the questions to be presented on a motion for a new trial are of sufficient difficulty and importance to require their submission in the first instance, to the consideration of the general term.

It is quite certain that no appeal would lie from such an order. And it seems to me its reversal cannot be accomplished by a motion to vacate such an order. Where the circuit has terminated, even the judge who made the order, cannot vacate it.

The necessity for vacating the order arises from the view taken by the general term of the effect upon it of the order at the circuit.

That court was of the opinion that to dispose of the questions arising on the motion for a new trial, a court that had greater latitude than the general term in the examination of the facts, should hear and determine the case, and that the case could not be remitted to the special term, so long as the order made at the circuit was in force.

The provision of the Code (§ 265), is a motion for a new trial on a case or exceptions, or otherwise must, in the first instance, be heard and decided at the circuit or special term,

Beattie agt. Niagara Savings Bank.

except that where exceptions are taken, the judge trying the cause, may at the trial direct them to be heard in the first instance at the general term, and the judgment, in the meantime, suspended, and in that case they must be heard in the first instance, in the general term, and judgment there given.

Were it not for the last clause of the section, I should be of opinion that the general term, upon finding it could not determine the case, might send it back to the special term, the—hearing so far as to enable it to ascertain its want of ability to afford relief, being a compliance with the order at the circuit. But as judgment must be entered in the general term, it would be idle to send the case to the special term, as that court could not change the case as set out in the bill of exceptions.

It seems to me, therefore, that the defendant is remediless, unless the general term shall grant him a new trial.

These orders sending exceptions to be heard first at the general term, are generally made upon the suggestion of the party against whom the verdict is rendered, and not unfrequently when the special term could dispose of the questions, as well, if not better, than the general term.

The practice of sending these cases to the general term unnecessarily increases the business of that court, and such an order should not be made, unless in cases of the highest importance or of absolute necessity.

The order should be vacated, but without costs, as the question is a new one.

Judge TALCOTT having heard the motion, does not sit on hearing the appeal.