Bartlett, J.
This case has been before the general term on a previous appeal. 39 Hun, 639. Mr. Justice Davts then said that Gray, the foreman or superintendent, was properly regarded by the trial as holding the relation of master rather than that of fellow-servant to the plaintiff. “Upon the evidence,” he added, “it was undoubtedly an improper thing for one person to attempt to take up the hatch, by the falling of which the plaintiff was injured; and if Gray ordered Babcock alone to remove the hatch, he made the defendant responsible for the injury that happened to the plaintiff by reason of using inadequate power to perform the act.”
This being the law of the case, as settled on the former appeal, the learned judge who presided on the trial now under review, properly denied the motion to dismiss the complaint, and, also, the motion to direct a verdict for the defendant.
We find no error in the rulings as to the admission or exclusion of evidence, to which our attention is called in the brief of appellant’s counsel.
As to to the instructions requested by counsel or actually given to the jury we notice but one exception to which it is necessary to refer. This is the exception to refusal to charge the defendant’s fifteenth request, which was in these words:
“If the circumstances point just as much to negligence of the plaintiff as to its absence, or point in neither direction, the plaintiff cannot recover.”
It may be observed that in order to make this proposition strictly correct the negligence of the plaintiff should have been defined to be negligence contributing to the injury. But even if the instruction would have been proper, we do not think this judgment should be reversed for the refusal to charge as requested. The court had already charged the jury as follows:
“ In this class of cases it is a general principle of law that in order to entitle himself to a verdict the plaintiff must satisfy the jury by a preponderance of evidence, that *342 the injury happened from the negligence of the defendant, and without any negligence of his own which contributed. That burden in this case rests upon the plaintiff Hussey, and he must convince you of both of these propositions, not either the one or the other, because if the defendant was not negligent, then he is not liable, and if the defendant was negligent, but Hussey was negligent in a way which contributed to his injury, the defendant would not be liable.” And subsequently at the request of defendant’s counsel, the court charged still further: “That plaintiff must show that the injury received by him was caused solely by the negligence of the defendant, and that he did not contribute in any way by his own acts or carelessness to the injury complained of.”
The jury were thus clearly informed that the burden of proving absence of contributory negligence was upon the plaintiff and that he must establisn his own freedom from negligence contributing to the injury, by a preponderance of proof. The court was not obliged to state the rule, or illustrate it, in the precise form desired by counsel, so long as the law was correctly given to the jury independently of the request.
The judgment and order denying the motion for a new trial should be affirmed, with costs.
In our opinion, the order denying the defendant’s motion that the exceptions be heard in the first instance at general term, is not appealable. Beattie v. Niagara Savings Bank, 41 How. Pr., 137.
The appeal from that order should, therefore, be dismissed, with costs.
Van Brunt, P. J., and Lawrence, J., concur.